IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KAREN MISKO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| BANKERS STANDARD INSURANCE COMPANY, | § § | CIVIL ACTION NO. _____ |
| | § | |
| Defendant. | § | |
| | § | |

## PLAINTIFF'S COMPLAINT

TO THE HONORABLE COURT:

Plaintiff Karen Misko ("Plaintiff" or "Mrs. Misko") respectfully files the following Complaint against Defendant Bankers Standard Insurance Company ("BSI" or "Defendant"):

### I. PARTIES

1. Mrs. Misko is an individual who is a citizen of Texas and resides at 3513 Twin Lakes Way, Plano Texas 75093.

2. BSI is incorporated in Pennsylvania; its principal place of business also is located in Pennsylvania at: 436 Walnut Street, Philadelphia, Pennsylvania 19106-3703. BSI's agent for service of process is CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

### II. JURISDICTION AND VENUE

3. Jurisdiction exists in this Court pursuant to 28 U.S.C. § 1332 inasmuch as the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states.

4.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Mrs. Misko's claim occurred in Collin County, Texas, which is located in this Judicial District and Division.

### III.  BACKGROUND

A.  The Insurance Policy—

5.     Mrs. Misko is the named insured under a policy of insurance issued by BSI, which includes an "Ace Platinum Portfolio Home Policy," numbered 268-02-23-16H (the "Policy"), with a policy period of May 21, 2012 to May 21, 2013 (the "Policy Period").  Among other things, the Policy insures Mrs. Misko's residence (the "Home") against loss, including loss from hail and wind storms.

B.  The Hail and Wind Storm—

6.     During the Policy Period, a wind and hail storm damaged and destroyed, among other things, the Home's roof, several of its windows and one or more of its garage doors (the "Loss").  Mrs. Misko had made provision for such an event, and had purchased the Policy to protect herself and her family.

7.     The Policy plainly covered the Loss.  Mrs. Misko timely reported the Loss to BSI, and requested that BSI fulfill its obligation to cover the Loss (the "Claim").

C.  BSI Fails to Meet its Legal and Contractual Obligations—

8.     Although BSI received and kept all of Mrs. Misko's premium payments for the Policy, BSI failed and refused to acknowledge and honor its duty to pay the cost necessary to repair and replace the Loss.

9.     Further, while adjusting the Claim, BSI made several misrepresentations to Mrs. Misko, apparently in hopes that she would abandon it.  For example, in July 2013, BSI represented to Mrs. Misko that it had investigated the Claim in good faith, and that the sum of

$1,136.45 was the amount, net of the Policy's $10,000.00 deductible, to which she was entitled under the Policy to repair and replace the Loss. In this connection, BSI also stated that 1) it was not liable to pay the full amount necessary to repair and replace the Loss because the roof allegedly was improperly installed; 2) only portions of the Home's roof were damaged; and 3) it was entitled to patch portions of the Home's roof with un-matching shingles that were not of like kind and quality.

10. Subsequent to receiving BSI's check, Mrs. Misko consulted with and obtained estimates from several construction professionals regarding repairing and replacing the Loss. During this process, she obtained reports demonstrating the Loss could not be repaired in the manner in which and for the amount represented by BSI. Instead, she learned that her Home required extensive repairs related to the Loss that would cost in excess of $200,000.00. When Mrs. Misko received this information, she provided it to BSI.

11. BSI failed and refused, however, to take responsibility for and to pay for the Loss. In fact, BSI failed even to acknowledge Mrs. Misko's communications.

D. <u>Mrs. Misko has Suffered Substantial Consequential Damages</u>—

12. On November 20, 2013, Mrs. Misko wrote to BSI's adjuster, asking him to provide an explanation as to how BSI arrived at the amount of the check it sent her—BSI had simply sent her the check with no cover letter or estimate specifying the damage to the Home. Additionally, Mrs. Misko informed BSI that, subsequent to the Loss, she had placed her Home on the market to sell or lease, and that her real estate broker had told her that the visual hail and wind damage to the Home's roof could hamper those efforts. Accordingly, Mrs. Misko asked BSI's adjuster to work with her to repair and replace the Loss as quickly as possible.

13. BSI failed and refused to live up to its contractual and legal duties under the Policy. In fact, BSI refused even to respond to Mrs. Misko's communication and requests.

14. Mrs. Misko's real estate professional's prediction came true. While there has been a favorable real estate market over the last year in the Home's area generally, resulting in substantial interest in the Home on the part of potential purchasers, Mrs. Misko has been unable to sell or lease the Home. In each case in which interest has been shown, the potential purchasers have expressed a great deal of concern over the roof and other damage constituting the Loss.

15. On July 22, 2014, Mrs. Misko provided BSI with reports from two independent engineers showing, among other things, that the Home's roof was a total loss and needed to be replaced. These reports also stated that the Loss should be repaired as soon as possible to prevent additional damage to the Home.

16. Mrs. Misko also informed BSI in this communication that a potential purchaser of the Home had indicated to her broker that they would write an offer for her Home if the Loss were repaired and replaced; however, this potential purchaser was unwilling to go forward without the repairs being made. Mrs. Misko further informed BSI that the potential purchaser had not yet purchased another house, and, if BSI would timely commit to repair and replace the Loss, the potential sale could be salvaged. If not, however, Mrs. Misko informed BSI that she would suffer an additional loss relating to the lost sale of the Home.

17. Mrs. Misko also advised BSI that the listing broker for her Home, who has been in the business for over 30 years, had stated that it is unlikely any other buyer will proceed to purchase the Home because of the difficulties with appraisals and insurability of the Home one will face until the Loss has been restored. Further, Mrs. Misko advised BSI that her broker had

said that, in her opinion, the obviously "distressed" look of the Home is causing most potential purchasers to bypass even considering the Home.

E.BSI's Conduct has Caused and is Causing Mrs. Misko Mental Anguish—

18.Mrs. Misko further informed BSI that 1) her daughter had been suffering from serious health problems; 2) she had incurred substantial medical expenses for her daughter in the past and potentially was facing future expenses in that regard; 3) selling the Home was an important part of her financial planning for managing these costs; 4) she did not have funds in her budget permitting her to repair and replace the Loss herself; and 5) she was extremely concerned about potential, additional damage being done to the Home as it remained exposed to the elements.  Finally, she informed BSI that she was especially concerned that market would turn and she would have missed the opportunity to sell the Home, which would cause negative repercussions in virtually every aspect of her and her daughter's lives, and that these events were and would continue to cause her mental distress.

19.BSI nonetheless continued to refuse to fulfill its obligations, did not perform any further investigation, and did not even bother to respond in writing to Mrs. Misko's requests.

20.As a result, Mrs. Misko has been unable to sell or lease her Home, which has caused her substantial consequential damages.  These damages were foreseeable to BSI and are directly traceable to BSI's wrongful refusal to honor its contractual and legal duties and result from such conduct.  Additionally, Mrs. Misko has suffered and is suffering mental anguish as a result of BSI's wrongful conduct.

## IV.  CAUSES OF ACTION

### COUNT I
### BREACH OF CONTRACT

21. Defendant has failed to acknowledge and provide the insurance coverage to which Plaintiff is entitled under the Policy.  Defendant's failure to do so constitutes a breach contract, for which Plaintiff now sues.  Further, Plaintiff has suffered consequential and noneconomic damages for which she now sues.

22. All conditions precedent to assert this claim have been performed by Plaintiff have occurred, or have been excused.

### COUNT II
### BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

23. Defendant owed Plaintiff a duty of good faith and fair dealing, which required it (i) to perform its duties and obligations under the Policy in a reasonable and timely manner and (ii) to properly handle the claim referenced herein.  Defendant's actions described above were wanton, reckless, malicious and/or intentional in disregard of Plaintiff's rights under the Policy.  Additionally, BSI's conduct described herein was malicious, fraudulent or grossly negligent.

24. As a result, Plaintiff has suffered economic damages in an amount to be determined by a trier of fact, for which damages she now sues.  Further, Plaintiff has suffered consequential and noneconomic damages, including damages for mental anguish, for which she now sues.

25. All conditions precedent to assert this claim have been performed by Plaintiff have occurred, or have been excused.

## COUNT III
## VIOLATIONS OF TEX. INS. CODE CHAPTER 541

26. By engaging in the conduct described above, Defendant not only has breached its contractual obligations and common law duties of good faith and fair dealing to Plaintiff, but also has violated § 541.060 of the Texas Insurance Code as follows:

    a. misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

    b. failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear; and

    c. refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

27. Defendant committed this wrongful conduct knowingly.

28. Plaintiff has sustained actual damages as a result of this conduct, for which she now sues. Further, Plaintiff has suffered consequential and noneconomic damages, including damages for mental anguish, for which she now sues.

29. All conditions precedent to assert this claim have been performed by Plaintiff have occurred, or have been excused.

30. By engaging in the conduct described above, Defendant also violated § 541.061 of the Texas Insurance Code as follows:

    a. making an untrue statement of material fact;

    b. failing to state a material fact necessary to make other statements not misleading, considering the circumstances under which the statements were made;

    c. making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact; and

    d. making a material misstatement of law.

31. Defendant committed this wrongful conduct knowingly.

32. Plaintiff has sustained actual damages as a result of this conduct, for which she now sues. Further, Plaintiff has suffered consequential and noneconomic damages, including damages for mental anguish, for which she now sues.

33. All conditions precedent to assert this claim have been performed by Plaintiff have occurred, or have been excused.

## COUNT IV
## VIOLATIONS OF TEX. INS. CODE CHAPTER 542

34. Defendant's conduct also violated § 542.003 of the Texas Insurance Code as follows: a) knowingly misrepresenting to a claimant pertinent facts or policy provisions relating to coverage at issue; b) not attempting in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear; and c) compelling a policyholder to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder.

35. Defendant committed this wrongful conduct knowingly.

36. Plaintiff has sustained actual damages as a result of this conduct, for which she now sues. Further, Plaintiff has suffered consequential and noneconomic damages, including damages for mental anguish, for which she now sues.

37. All conditions precedent to assert this claim have been performed by Plaintiff have occurred, or have been excused.

## COUNT V
## PLAINTIFF'S INVOCATION OF ITS RIGHTS
## UNDER TEX. INS. CODE §§ 541.152, 542.058, AND 542.060

38. Pursuant to Texas law, and for the reasons described in this petition, Plaintiff seeks to recover: a) the amount of actual damages, plus court costs and reasonable and necessary

attorney's fees; b) additional damages in an amount three times the amount of actual damages, all as provided in § 541.152 of the Texas Insurance Code; and c) any other relief the court deems proper.

39. Additionally, Plaintiff invokes her rights under § 542.058 of the Texas Insurance Code to recover the penalties set forth in § 542.060, including 18% interest and attorneys' fees.

40. Defendant committed this wrongful conduct knowingly.

41. Plaintiff has sustained actual damages as a result of this conduct, for which she now sues. Further, Plaintiff has suffered consequential and noneconomic damages, including damages for mental anguish, for which she now sues.

42. All conditions precedent to assert this claim have been performed by Plaintiff have occurred, or have been excused.

## COUNT VI
## TEXAS DECEPTIVE TRADE PRACTICES ACT VIOLATIONS

43. For the reasons set forth above, Defendant violated § 17.46(b)(12) of the Texas Business & Commerce Code. Additionally, Defendant is liable under § 17.50(a)(4) of the Texas Business & Commerce Code because their conduct violated Chapters 541 and 542 of the Texas Insurance Code, as outlined above.

44. Defendant's wrongful conduct was intentional, knowing, and a producing cause of damages to Plaintiff, which is entitled, therefore, to all the relief contained within the DTPA, including, but not limited to, economic damages, attorneys' fees, interest, costs, and treble damages, for which she now sues. Additionally, BSI's conduct described herein was malicious, fraudulent or grossly negligent. Further, Plaintiff has suffered consequential and noneconomic damages, including damages for mental anguish, for which she now sues.

45. Plaintiff has fulfilled all conditions precedent to her recovery under this cause of action.

## COUNT VII
## ATTORNEYS' FEES AND COSTS

46. Pursuant to applicable law, including but not limited to Tex. Civ. Prac. & Rem. Code § 38.001, Plaintiff hereby sues Defendant for costs of court, and reasonable and necessary attorneys' fees. Plaintiff has fulfilled all conditions precedent to recovery of her fees and costs, including but not limited to presentment.

## COUNT IX
## ADDITIONAL AND EXEMPLARY DAMAGES

47. Further, Plaintiff seeks exemplary damages against Defendant because its wrongful conduct was undertaken with a state of mind that justifies the imposition of exemplary damages. Plaintiff seeks such damages not only to punish Defendant for its conduct, but also to deter others in the insurance business from engaging in the same or similar conduct.

## COUNT X
## JURY DEMAND

48. As is her right under the constitution and laws of the United States of America and this State, Plaintiff hereby respectfully requests a trial by jury.

WHEREFORE, Plaintiff respectfully requests that she have judgment against Defendant, consistent with her allegations in this Complaint, and that she recover her costs, attorneys' fees, pre- and post-judgment interest, special and/or consequential damages, penalties and/or additional and/or exemplary damages, if applicable, and such other and further relief at law or in equity to which she may be entitled.

Respectfully submitted,

/s/ Bobby M. Rubarts
Bobby M. Rubarts
State Bar No. 17360330
bobby.rubarts@koningrubarts.com
Bart Sloan (Of Counsel)
State Bar No. 00788430
bart.sloan@koningrubarts.com

of KONING RUBARTS LLP
1700 Pacific Avenue, Suite 4500
Dallas, Texas  75201
Telephone:  (214) 751-7900
Facsimile:   (214) 751-7888

**ATTORNEYS FOR PLAINTIFF**